[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10133
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60047-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KETUT PUJAYASA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 5, 2016)

Before JORDAN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ketut Pujayasa appeals his 365-month sentence for attempted murder, in violation of 18 U.S.C. § 1113, and aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1).  On appeal, Pujayasa argues that his sentence was procedurally unreasonable because the district court unreasonably departed from the guideline range pursuant to U.S.S.G. §§ 5K2.3 and 5K2.8.  He also argues that his sentence is procedurally unreasonable because the district court failed to adequately explain the basis of the sentence.  Finally, he argues that the sentence is substantively unreasonable.  We hold that the district court's explanation of the sentence was insufficient to permit meaningful appellate review. Accordingly, we vacate and remand for clarification.

Pujayasa pleaded guilty to both counts with which he was charged.  After accounting for Pujayasa's lack of criminal history, the permanent or life-threatening injuries he inflicted upon his victim, and Pujayasa's acceptance of responsibility, the presentence investigation report calculated an adjusted offense level of 35, corresponding to an advisory guideline range of 168-210 months.  The Government moved for a five-level upward departure pursuant to §§ 5K2.3 and 5K2.8, alleging that Pujuayasa had inflicted extreme psychological injury and that his crimes involved extreme conduct.  The Government also sought an upward

2

variance based on the factors set out in 18 U.S.C. § 3553(a).  In an addendum to the PSI, the probation officer agreed with the Government and recommended a five-level upward departure to an adjusted offense level of 40 and a guideline range of 292 to 365 months.  Pujayasa opposed the requests for departures and a variance.

The district court determined that an upward departure was appropriate, pursuant to §§ 5K2.3 and 5K2.8, and sentenced Pujayasa to 365 months in prison. The court did not mention the Government's additional request for a variance in issuing Pujayasa's sentence, although it later acknowledged Pujayasa's objection to the variance.  Pujayasa asked that the court explain the sentence more fully, specifically the number of offense levels attributed to each departure, but the court declined to do so.  As a result, nothing in the record at sentencing indicates the number of offense levels added for either departure, what the final offense level was, or whether the final sentence was within the guideline range or the result of a variance.

We review sentencing decisions for abuse of discretion, using a two-step process.  United States v. Beckles, 565 F.3d 832, 845 (11th Cir. 2009).  First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). Second, if there is no procedural error, we must then consider the "substantive reasonableness of the sentence imposed." Id. A party who challenges a sentence for substantive unreasonableness "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (brackets omitted).

We review the district court's decision to grant a departure and the extent of the departure for abuse of discretion. United States v. Flanders, 752 F.3d 1317, 1341 (11th Cir. 2014); United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006). The district court considers whether to grant a departure after calculating the applicable guideline range. U.S.S.G. § 1B1.1(b); Flanders, 752 F.3d at 1341. Once it determines whether and how much to depart, the district court must take into account the advisory guideline range and the § 3553(a) sentencing factors to fashion a reasonable sentence. United States v. Martin, 455 F.3d 1227, 1236 (11th Cir. 2006).

In reviewing for substantive reasonableness, we consider the totality of the circumstances and will remand for resentencing only when "left with the definite

and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1189-1190 (11th Cir. 2010) (en banc).

The district court shall impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. §3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the need for deterrence, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). The weight given to any particular factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

The district court, at the time of sentencing, shall state in open court the reasons for its imposition of the sentence and, if the sentence is outside the range, the specific reason for the imposition of the sentence. 18 U.S.C. § 3553(c). The

5

depth of the explanation depends on the circumstances, but "[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." Rita v. United States, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007). However, we have rejected calls for the utilization of "some mathematical formula to account for the departure." United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999). ("[O]nce a sentencing court begins the vertical departure on the Guidelines chart, it need not explicitly discuss [its] reasons for bypassing incremental offense level sentencing ranges.") (internal quotations omitted). Regardless, the district court must adequately explain the chosen sentence to allow for meaningful appellate review. Gall, 552 U.S. at 50-51, 128 S. Ct. at 597.

As discussed above, meaningful appellate review requires us to begin by considering possible procedural error. Such error includes miscalculation of the guidelines range, failure to consider required factors, and an inadequate explanation of the sentence in general, and any deviation from the guidelines range in particular. In this case, the presentence investigation report properly calculated the guidelines range for the adjusted offense level. However, the district court ultimately imposed a sentence well outside the range corresponding to that level. The district court granted two upward departures, but did not state how many offense levels were added as a result of either, or what the final offense level and Guidelines range were.

The district court committed procedural error by failing to adequately explain the sentence in a way that permits meaningful appellate review. Here, although the court stated it "considered . . . the advisory guidelines and the statutory factors set forth in 18 U.S.C. § 3553(a)," and "pursuant to sections 5K2.3 and 5K2.8, an upward departure is warranted in this case," it refused to specifically state the number of levels it was applying for the different departure provisions, the total number of levels it was applying for the different departure provisions, the total number of levels it was departing, what the final, post-departure guideline range was, or whether the 365-month imprisonment term was within that re-computed guideline range or if it was a result of a variance.  Therefore, we cannot review the reasonableness of the extent of the §§ 5K2.3 and 5K2.8 departures because the extent of those departures is unclear.  Nor can we review the substantive reasonableness of the sentence because the district court did not calculate the post-departure guideline range or state whether it was imposing a within-guideline, above-guideline, or below-guideline sentence.  Accordingly, we vacate Pujayasa's sentence and remand for further explanation.

VACATED AND REMANDED.